IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIRAUDO,<br>EDWARD SCHLIMMER,<br>ARLENE GARCIA,<br>GUADALUPE RAMIREZ,<br>GLORIA MCCLAIN,<br>DAVID GERECKE,<br>CHARLES FANNIN,<br><br>    Plaintiffs,<br><br>  v.<br><br>BATH IRON WORKS CORP. and<br>GENERAL DYNAMICS CORP.<br><br>    Defendants.<br>_____/ | No. C 08-04416 CRB<br>No. C 09-03221 CRB<br>No. C 11-00986 CRB<br>No. C 11-01031 CRB<br>No. C 11-03399 CRB<br>No. C 11-03507 CRB<br>No. C 11-06156 CRB<br><br>**ORDER RE: GOVERNMENT<br>CONTRACTOR DEFENSE** |

At the pretrial conference this morning, Plaintiffs' counsel argued that Defendants should be barred from seeking to establish the government contractor defense as articulated in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). In support of this argument, Plaintiffs primarily rely on In re Hawaii Federal Asbestos Cases, 960 F.2d 806 (9th Cir. 1992).

The Court has re-read In re Hawaii and finds it distinguishable. In In re Hawaii, the defendants were suppliers of asbestos insulation to the Navy. 960 F.2d at 809. Here, Defendants are not suppliers of a single component part of a ship, but shipbuilders. In In re Hawaii, the court found that the insulation at issue, which was "the very same insulation"

sold to commercial buyers and was "not manufactured with the special needs of the military in mind," had "not been developed on the basis of involved judgments made by the military but in response to the broader needs and desires of end-users in the private sector." Id. at 811-12.[1]  Here, Defendants claim to have evidence that they built the ships at issue–and used the insulation they did–pursuit to the Navy's design.[2]  This case is therefore more like Oxford v. Foster Wheeler LLC, 177 Cal. App. 4th 700, 709 (2009) ("the boilers made by defendant were designed pursuant to exceedingly detailed and precise military specifications that required the use of asbestos in many instances"), than it is like In re Hawaii.

Accordingly, the Court holds that Defendants may seek to establish the government contractor defense in Phase One of the upcoming trial.

**IT IS SO ORDERED.**

Dated: April 3, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The court further noted that the suppliers would have already accounted for the costs of ordinary tort liability. Id. at 811.

[2] The Court has no opinion as to whether Defendants can in fact establish the first two Boyle prongs. See Boyle, 487 U.S. at 512 ("(1) the United States approved reasonably precise specifications; [and] (2) the equipment conformed to those specifications."). That will be for a jury to decide.